IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ERIC VON DRAKE § | |
| § | |
| V. § | No. 5:06CV24 |
| § | |
| LIBERTY MUTUAL AUTOMOTIVE § | |
| INSURANCE COMPANY, ET AL. § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

### I. FACTUAL BACKGROUND

On February 6, 2006, Eric Von Drake ("Plaintiff"), proceeding *pro se*, filed this action seeking to recover damages from Liberty Mutual Insurance Company ("Liberty Mutual"), Alice Tatum Andrews, Lisa D. Hull, Jessica Stettler, Hartford Insurance Company, Abbas Sekhavat, Dana Bernstein, Joan Bazar, and Judge M. Kent Sims ("Judge Sims")(collectively "Defendants"). Plaintiff alleges claims for fraud/breach of promise, Deceptive Trade Practices, intentional infliction of emotional distress, conspiracy, and race discrimination. Compl. at pg. 1 & pg. 15. Plaintiff's claims predominantly revolve around a May 4, 2004 motor vehicle accident and insurance claims filed as a result of the accident. *Id.* at pgs. 3-9.

Following the May 4, 2004 accident, Plaintiff filed suit in the 44th District Court of Dallas

County, Texas (the "State Court Action"). In the State Court Action, Liberty Mutual Insurance Company ("Liberty Mutual") and Alice Tatum Andrews ("Andrews") filed a Motion for Determining Plaintiff a Vexatious Litigant. Subsequently, Plaintiff voluntarily non-suited his claims. On August 30, 2004, Judge Sims granted the motion, declaring Plaintiff a vexatious litigant and requiring Plaintiff to furnish security for the benefit of Liberty Mutual and Andrews and to post an open-ended bond. The order further forbids Plaintiff from filing *in propria persona* any new litigation in a court of the State of Texas without obtaining the express permission of the presiding administrative judge of the region in which Plaintiff intends to file the new litigation.

## II. PROCEDURAL BACKGROUND

On February 6, 2006, eighteen months after the State Court Order, Plaintiff filed the present lawsuit against not only the defendants from the State Court Action but also against the attorneys for those defendants, the presiding judge, his own doctor, and the doctor's employees who refused to testify on Plaintiff's behalf. On March 7 and 13, respectively, Defendant M. Kent Sims filed a Motion to Dismiss and Defendant Liberty County Mutual Insurance Company filed a Motion to Dismiss. Plaintiff failed to file a response to the motions within the time prescribed by the Local Rules.

On April 7, 2006, the Magistrate Judge issued a Report and Recommendation, recommending Liberty Mutual's Motion to Dismiss be denied without prejudice to refiling. The Magistrate Judge further recommended Plaintiff be ordered to amend his Complaint, within fifteen days from the date of entry of the Order Adopting this Report and Recommendation, if the Report and Recommendation is adopted, setting forth allegations sufficient to state a claim under 42 U.S.C. § 1981. In addition, the Magistrate Judge recommended Judge Sims' motion to dismiss be granted, and Plaintiffs' above-

entitled and numbered cause of action against Judge Sims be dismissed with prejudice.

### III.  PLAINTIFF'S OBJECTIONS

On April 17, 2006, Plaintiff filed objections to the Report and Recommendation entitled "Plaintiff's Response to Court Determination Regarding Defendant M. Kent Sims." Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's claims against Judge Sims be dismissed with prejudice.  Plaintiff states Judge Sims acted outside of his judicial immunity for the following reasons: (1) Plaintiff did not receive notice of the hearing before Judge Sims wherein Plaintiff was held to be a vexatious litigant; (2) Judge Sims refused to act on Plaintiff's motions; (3) Judge Sims prevented Plaintiff from filing any new pleadings; and (4) Judge Sims acted with malice and conspired with the state court defendants' attorneys to cause harm to Plaintiff's tort claims and to prevent Plaintiff from receiving health and medical benefits.  Regarding Plaintiff's assertion that Judge Sims would not allow the clerk of the court to accept any new filing from Plaintiff, Plaintiff contends said act was not a judicial one, but an administrative act, which is not protected by judicial immunity.

### IV.  JUDICIAL IMMUNITY

"Judges enjoy absolute judicial immunity from liability for judicial acts, no matter how erroneous the act or how evil the motive, unless the act is performed in the clear absence of all jurisdiction." *City of Houston v. West Capital Fin. Servs. Corp.*, 961 S.W.2d 687 (Tex. App. – Houston 91st Dist.] 1998). "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority

vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* (*quoting Mireles v. Wace*, 502 U.S. 9, 10(1991)). Judicial immunity is not overcome by allegations of bad faith or malice and "applies even when the judge is accused of acting maliciously and corruptly." *Ballard*, 413 F.3d at 515 (*quoting Mireles*, 502 U.S. at 11). According to the *Ballard* court, it is the judge's "actions alone, not intent," that the court must consider. *Ballard*, 413 F.3d at 515 (*citing Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993)).

In *Stump v. Sparkman*, 435 U.S. 349, 356 (1978), the Supreme Court made it clear that a judge is entitled to absolute immunity for all judicial acts performed unless an act is performed in clear absence of all jurisdiction. The Supreme Court identified two factors relevant to determining whether a particular act is judicial. *Stump*, 435 U.S. at 362. First, the act must be one normally performed by a judge. *Id*. Second, the parties must have been dealing with the judge in the judge's judicial capacity. *Id*. The Fifth Circuit has "refined those criteria into a four-part test." *Brewer v. Blackwell*, 692 F.2d 387, 396-97 (5th Cir. 1982). In determining the judicial nature of an act, the court asks whether: "(1) the act complained of is a normal judicial function; (2) the events occurred in the judge's court or chambers; (3) the controversy centered around a case then pending before the judge, and (4) the confrontation arose directly and immediately out of a visit to the judge in his judicial capacity." *Id.* The four-part test should be broadly construed in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

## V.  *DE NOVO* REVIEW

"In chapter 11 of the [Texas] civil practice and remedies code, the legislature struck a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse our civil justice system. . . . Under chapter 11, a trial court may place limitations

4

on the litigation activities of a person determined by the court to be a 'vexatious litigant.'" *Leonard v. Abbott*, 171 S.W.3d 451, 455 (Tex.App. – Austin 2005). "If the court determines, based on evidence presented at a hearing, that the defendant is a vexatious litigant, it must order the plaintiff to furnish security for the benefit of the moving defendant in an amount related to the costs and attorneys' fees the defendant anticipates incurring in defending the litigation." *Id.* at 456. If the plaintiff fails to furnish the security as specified in the order, "the court must dismiss the suit. . . . The court may also, on its own motion or the motion of any party, enter a prefiling order prohibiting a plaintiff from filing, pro se, a new lawsuit in state court without leave of the local administrative judge." *Id.*

Here, Plaintiff asserts he did not receive notice of the hearing before Judge Sims wherein Plaintiff was held to be a vexatious litigant; Judge Sims refused to act on Plaintiff's motions; and Judge Sims prevented Plaintiff from filing any new pleadings. As to the last issue, Plaintiff states that Judge Sims "threaten[ed]" one of the court's clerks not to accept any new filings from Plaintiff. Plaintiff asserts this action was an administrative one, as opposed to a judicial one, and said action is not protected by judicial immunity. *See Morrison v. Lipscomb*, 877 F.2d 463 (6th Cir. 1989)(holding a judge who declared a moratorium on the issuance of writs of restitution was not entitled to judicial immunity as the act was administrative in nature). The Court finds all of Plaintiff's complaints against Judge Sims stem from alleged actions or inactions by Judge Sims in his judicial capacity.

Even assuming Judge Sims erred in declaring Plaintiff a vexatious litigant, such act is still a function that he had jurisdiction to perform. *See Liao v. Quidachay*, 2005 WL 2562619 (N.D. Cal. 2005)(unpublished); *see also Dobard v. City of Oakland*, 1997 WL 252093 (N.D. Cal. 1997)

Similarly, any direction by Judge Sims to the clerks of the court regarding Plaintiff's filings resulted from Judge Sims' order declaring Plaintiff to be a vexatious litigant and what occurred in the state court subsequent to that order. The Court finds Judge Sims' alleged order to the clerks not to accept new filings from Plaintiff was a judicial action he had the jurisdiction to perform. Judge Sims' acts involve "the kind of discretionary decision making that the doctrine of judicial immunity was designed to protect." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). For these reasons, the Court agrees with the Magistrate Judge that Judge Sims is entitled to judicial immunity.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. It is hereby

**ORDERED** that Defendant M. Kent Sims' Motion to Dismiss (Dkt. No. 6) is **GRANTED**. It is further

**ORDERED** that Plaintiffs' above-entitled and numbered cause of action against Judge Sims is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Defendant Liberty County Mutual Insurance Company's Motion to Dismiss (Dkt. No. 10) is **DENIED WITHOUT PREJUDICE TO REFILING**. It is further

**ORDERED** that Plaintiff shall amend his Complaint, within fifteen days from the date of entry of this Order, setting forth allegations sufficient to state a claim under 42 U.S.C. § 1981.

**SIGNED this 21st day of April, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE